

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
FEB 08 2012
J T NOBLIN CLERK
BY_____ DEPUTY

Slabbed New Media, LLC, a Mississippi LLC
Douglas Handshoe
Plaintiffs,

v.

CASE NO: 1:12cv38 HSO - RHW

Trout Point Lodge, Limited,  a foreign
limited company; Charles Leary and
Vaughn Perret
Defendants.

----------------------------------------------------------------------------------------------------

## COMPLAINT FOR DECLARATORY RELIEF

Slabbed New Media and Douglas Handshoe sue Trout Point Lodge, Limited, Charles Leary, Vaughn

Perret, owners of Trout Point Lodge, Limited and allege as follows:

### Introduction

1.    This is an action to prevent Defendants from engaging in the improper practice of libel

tourism against Plaintiffs, who is a United States citizens. Specifically, Defendants, also

United States Citizens  brought libel claims against Plaintiffs in Canada, a jurisdiction with

which Plaintiffs have no connection, because the law of Canada provides less protection for

free speech than United States and Mississippi law. United States law does not welcome libel

tourists. In fact, the United States specifically preclude enforcement of any and all judgments

obtained by libel tourists.

### Parties

2.    Plaintiff Slabbed New Media LLC is a Mississippi LLC having its principal place of business

at 110 Hall Street, Wiggins, MS 39577

1

3.    Plaintiff Handshoe is an individual who resides in Mississippi in this judicial District.

4.    Plaintiff Slabbed New Media, LLC is a Limited Liability Company domiciled in Mississippi in this judicial District.

5.    Slabbed New Media owns an internet website that provides a forum for local residents and other interested parties to gather and share information regarding various political and legal affairs issues that impact this area in topics including but not limited to insurance, various ongoing court cases, the Gulf Oil Spill of 2010 and a political corruption scandal in Jefferson Parish Louisiana.

6.    Defendant Trout Point Lodge, Limited  is a Canadian limited company having its principal place of business at 189 Trout Point Road, off the East Branch Road off Hwy 203, East Kemptville, NS B0W 1Y0, Canada.

7.    Defendant Charles Leary is a United State Citizen and upon information and belief resides at 189 Trout Point Road, off the East Branch Road off Hwy 203, East Kemptville, NS B0W 1Y0, Canada.

8.    Defendant Vaughn Perret is a United State Citizen and upon information and belief resides at 189 Trout Point Road, off the East Branch Road off Hwy 203, East Kemptville, NS B0W 1Y0, Canada.

9.    This action arises and is brought under the Securing the Protection of our Enduring and Established Constitutional Heritage Act (the "SPEECH Act"), 28 U.S.C. §§ 4101-4105, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201-2202.

10.   The action also arises and is brought under §11-7-303, Mississippi Code (1972)

11.   Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

12.   Defendants have contacts with this District that are sufficient to subject them to personal jurisdiction in this District. Moreover, Defendants Leary has publicly indicated he intends to record the out-of-country foreign judgment for damages and costs against Plaintiffs in the official records of Hancock County with the Hancock County Circuit Clerk (A True Copy copy out-of-country foreign judgment for damages, costs and injunction are attached hereto as Exhibit A.)

13.   Defendants also are subject to personal jurisdiction pursuant to Section §11-11-3,Mississippi Code (1972).

### General Allegations

14.   Slabbed New Media's website contains an investigative/political affairs blog on which its readers can review and post information related to a variety of local and national topics.

15.   Slabbed has 43 full subscribers, 140 comment subscribers and 271 followers via Twitter.  The blog contains 4,452 separate posts, 22,620 post comments and 1,891,329 pages views on the main website.

16.   Handshoe is the sole owner/manager of Slabbed New Media, LLC and moderator of the blog.

17.   On May 6, 2011, Defendants served an undated notice of claim on plaintiff. On August 9, 2011 Defendants filed a defamation claim in Nova Scotia Canada based upon the written statements of Handshoe and certain blog commenters.  This claim was amended on September 1, 2011 to include an email address cited as belonging to "Jane Doe" and a host of additional allegations related to written statements on the blog. The action was then titled

Trout Point Lodge, Limited, Vaughn Perret and Charles Leary v Doug Handshoe and "Jane Doe"

18.    Because Slabbed New Media, Handshoe and Jane Doe were not properly subject to the personal jurisdiction of the Canadian court in the Canadian defamation lawsuit, they did not defend themselves in said proceedings.

19.    As a result of Slabbed New Media, Handshoe and Jane Doe's failure to defend themselves in the Canadian defamation suit, Trout Point Lodge Limited, Leary and Perret, obtained a final judgment against Handshoe and Jane Doe holding them liable for libel and defamation and , among other things, ordering Handshoe and Jane Doe to pay $275,000 (CAD) in general damages, $100,000 (CAD) in aggravated damages, $50,000 (CAD) in punitive damages, court costs of $2,000 (CAD) as well as issuing a permanent injunction against Handshoe from "disseminating, posting on the internet or publishing, in any manner whatsoever, directly or indirectly, any statements or comments about the plaintiffs." and a mandatory injunction requiring all statements regarding plaintiffs be removed from the blog.

20.    The judgment against Handshoe and Jane Doe in the Canadian defamation suit was based on the content of writing that was published on the Slabbed New Media web sites.

21.    The judgment against Handshoe and Jane Doe in the Canadian defamation lawsuit is repugnant to the Constitution and laws of the United States and Mississippi. In particular, the judgment is repugnant to the Constitution and laws of the United States because:

a.    The defamation law applied by the Canadian court did not provide as much protection for freedom of speech as the First Amendment to the United States Constitution would provide;

4

b.    The defamation law applied by the Canadian court did not provide as much protection for freedom of speech as Mississippi law would provide;

c.    The exercise of personal jurisdiction over Handshoe and Jane Doe by the Canadian court did not comport with the due process requirements that are imposed on domestic courts by the United States Constitution;

d.    Handshoe / Slabbed New Media is the provider of an interactive computer service (as defined in section 230 of the Communications Decency Act, 47 U.S.C. § 230), Handshoe / Slabbed New Media would be shielded from defamation liability under the Communications Decency Act, and the judgment is not consistent with the protections afforded to Handshoe / Slabbed New Media under the Communications Decency Act.

22.    If the law of the United States and of Mississippi had been applied in the Canadian defamation lawsuit, Handshoe and Jane Doe would not have been found liable.

23.    The judgment in the Canadian defamation lawsuit, and the out-of-country foreign judgment for costs that Defendants obtained, threaten imminent injury to Slabbed New Media / Handshoe because the judgments purport to establish the financial liability of Handshoe and Jane Doe.  Additionally Defendants have provided copies of the Canadian defamation judgment to Plaintiff's United States based web host, Automattic, which has suspended posting to http://slabbed.wordpress.com while they investigate this foreign court order.

24.    This threat of loss of protected first amendment speech to Slabbed New Media / Handshoe / Jane Doe is directly traceable to the judgment in the Canadian defamation lawsuit and injunctions contained therein.

25. A favorable decision by this court will redress the threatened injury by rendering the judgment in the Canadian defamation suit unenforceable in the United States against Handshoe by rendering invalid in the United States any orders entered by the Canadian court.

26. In addition, as a result of the judgment in the Canadian lawsuit, there is a bona fide, actual, present need for a declaration as to whether the judgment is enforceable in Mississippi against Handshoe.

27. Because the judgment already has been entered by the Canadian court, there is a present controversy that will be addressed by a declaratory judgment from this Court.

28. The right of Handshoe to be free from the enforceability of the judgment in the Canadian defamation lawsuit is dependent on a legal determination by this Court as to the enforceability of the judgment.

29. Defendants have an actual and present adverse interest in the relief sought by Handshoe.

30. All adverse parties to this matter are named as parties to this proceeding.

31. Handshoe does not seek an advisory opinion from this Court but instead seek an actual declaration that the judgment in the Canadian Defamation Lawsuit, including any orders entered by the Canadian court, are unenforceable against them in Mississippi and throughout the United States.

**Count One - Declaratory Judgment That The Foreign Defamation Judgment**
**Is Repugnant To The Constitution Or Law Of The United States**

32. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 31 of the Complaint.

33. There is a real and active controversy between Plaintiffs and Defendants as to the enforceability of the foreign defamation judgment in the courts of the United States.

34.   Defendants sought and obtained the foreign defamation judgment against Plaintiffs. See Exhibit A.

35.   Plaintiffs contend that the defamation law applied by the Canadian court when it entered the foreign defamation judgment against Plaintiffs did not provide as much protection for freedom of speech as the First Amendment to the United States Constitution would provide. For example (and without limitation), the Canadian court did not apply the fault standard required by the First Amendment and United States Constitution before finding Plaintiffs liable in defamation.

36.   Plaintiffs contend that the defamation law applied by the Canadian court when it entered the foreign defamation judgment against Plaintiffs did not provide as much protection for freedom of speech as Mississippi law would provide. For example and without limitation, in addition to the Canadian court's failure to apply the constitutional standard of fault, the Court failed to consider any privileges and defenses that may apply under Mississippi or U.S. law.

37.   Plaintiffs contends that the exercise of personal jurisdiction over them by the Canadian court in the Canadian Defamation Lawsuit did not comport with the due process requirements that are imposed on domestic courts by the United States Constitution.

38.   Handshoe / Slabbed New Media contends that because it is the provider of an interactive computer service (as defined in section 230 of the Communications Decency Act, 47 U.S.C. § 230), Handshoe would be shielded from defamation liability under the Communications Decency Act, but the foreign defamation judgment is not consistent with the protections afforded to Handshoe / Slabbed New Media under the Communications

Decency Act.

39.   Therefore, Plaintiffs seek a declaratory judgment that the foreign defamation judgment is repugnant to the Constitution and Laws of the United States and cannot be recognized or enforced in the United States.

**Count Two - Declaratory Judgment That The Foreign Defamation Judgment
Is Unenforceable Pursuant to Mississippi Code §11-7-303,
<u>Filing copy of foreign judgment; enforcement</u>**

40.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 31 of the Complaint.

41.   There is a real and active controversy between Plaintiffs and Defendants as to the enforceability of the foreign defamation judgment in the courts of the United States and Mississippi.

42.   Defendants sought and obtained the foreign defamation judgment against Plaintiffs. See Exhibit A

43.   Plaintiffs contend that the defamation law applied by the Canadian court when it entered the foreign defamation judgment against them did not provide as much protection for freedom of speech as the First Amendment to the United States Constitution would provide. For example (and without limitation), the Canadian court did not apply the fault standard required by the First Amendment and United States Constitution before finding Plaintiffs liable in defamation.

44.   Plaintiffs contend that the defamation law applied by the Canadian court when it entered the foreign defamation judgment against them did not provide as much protection for freedom of speech as Mississippi law would provide. For example and without limitation,

in addition to the Canadian court's failure to apply the constitutional standard of fault, the Court failed to consider any privileges and defenses that may apply under Mississippi or U.S. law.

45.    Plaintiffs contend that the exercise of personal jurisdiction over them by the Canadian court in the Canadian Defamation Lawsuit did not comport with the due process requirements that are imposed on domestic courts by the United States Constitution and Mississippi law.

46.    Handshoe / Slabbed New Media contends that because it is the provider of an interactive computer service (as defined in section 230 of the Communications Decency Act, 47 U.S.C. § 230), Handshoe / Slabbed New Media would be shielded from defamation liability under the Communications Decency Act, but the foreign defamation judgment is not consistent with the protections afforded to Handshoe / Slabbed New Media under the Communications Decency Act.

47.    Therefore, Plaintiffs seek a declaratory judgment that the foreign defamation judgment cannot be recognized or enforced in Mississippi because the defamation law applied by the foreign court did not provide as much protection for freedom of speech and freedom of the press as would be provided by the United States and Mississippi's Constitutions.

### **Prayer for Relief**

WHEREFORE, Plaintiffs pray that this Court:

(A)    Declare the foreign defamation judgment in the matter of Trout Point Lodge, Limited, Vaughn Perret & Charles Leary, v Doug K. Handshoe and Jane Doe, Court File No. Yar. No. 353654, Supreme Court of Nova Scotia, repugnant to the Constitution and laws of

the United States and not recognizable or enforceable in the United States pursuant to the SPEECH Act and hold that any orders entered in connection therewith are invalid and unenforceable in the United States.

(B)  Declare the foreign defamation judgment in the matter of Trout Point Lodge, Limited, Vaughn Perret & Charles Leary, v Doug K. Handshoe and Jane Doe, Court File No. Yar. No. 353654, Supreme Court of Nova Scotia, not recognizable or enforceable pursuant to Mississippi Code §11-7-303, *Filing copy of foreign judgment; enforcement*, and hold that any orders entered in connection therewith are invalid and unenforceable in the United States or Mississippi.

(C)  Order such other and further relief as the Court deems just and proper, including awarding to Plaintiffs their fees and costs of this action to the fullest extent allowed by law.

Dated this 8th day of February, 2011

Respectfully submitted,

Douglas K. Handshoe
Post Office Box 788
Wiggins, MS 39577
Telephone: (228) 284-0004
Facsimile: (601) 928-5129
Email: earning04@gmail.com

Pro Se