2011

Yar. No. 353...

IN THE SUPREME COURT OF NOVA SCOTIA
BETWEEN:

**Trout Point Lodge, Limited,** a *Nova Scotia Limited Company*, **Vaughn Perret & Charles Leary**

Plaintiffs

- and -

**Doug K. Handshoe** and **Jane Doe**

Defendants

ORDER

Before the Honourable Justice Suzanne Hood In chambers:

A motion was made by Trout Point Lodge, Charles Leary, and Vaughan Perret for assessment of damages and injunctive relief against Doug K. Handshoe.

Having reviewed the affidavits of Charles Leary and Vaughan Perret, and having heard Charles Leary and Vaughan Perret on behalf of the Plaintiffs in chambers, on the motion of Trout Point Lodge, Charles Leary, and Vaughn Perret the following is ordered:

The Defendant Douglas K Handshoe of Mississippi as a joint and concurrent tortfeasor shall pay to the plaintiffs the following damages:



- to Trout Point Lodge: $75,000 in general damages
- to Vaughan Perret, $100,000 in general damages; $50,000 in aggravated damaged; and $25,000 in punitive damages;
- to Charles Leary, $100,000 in general damages; $50,000 in aggravated damaged; and $25,000 in punitive damages;

as well as costs of $2,000.

In addition, I order a permanent injunction to issue against the defendant, Douglas K. Handshoe, restraining him from disseminating, posting on the Internet or publishing, in any manner whatsoever, directly or indirectly, any statements or comments about the plaintiffs, Trout Point Lodge, Charles L. Leary, and Vaughan J. Perret. This injunction shall include the publication, circulation and promotion on the blog named Slabbed, and any similar or other publications. For further particularity, the defendant shall not publish or cause to be published or otherwise disseminate or distribute in any manner whatsoever, whether by way of the Internet or other medium, any statements or other communications which refer to the plaintiffs by name, depiction or description.

I also order a mandatory injunction to issue against the above-named Defendant regarding continued publication in any manner whatsoever, whether by way of the Internet or other medium, any statements

IN THE SUPREME COURT OF NOVA SCOTIA
I hereby certify that the foregoing document
is a true copy of the original.
Dated 2 day of February, 2012

Prothonotary
Elaine L. d'Entremont
Prothonotary

or other communications which refer to the plaintiffs by name, depiction or description. All such material is hereby ordered to be immediately removed from publication.

Issued February 2, 2012

Elaine L. d'Entremont
Prothonotary